## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT COURT OF LOUISIANA

| | |
|---|---|
| NICHOLAS S. KARNO #1, Inc. | CIVIL ACTION NO. |
| Plaintiff, | JUDGE: |
| v. | MAGISTRATE JUDGE: |
| SILVER BOURBON, INC.; LABEAUTI, INC.; BOURBON BURLESQUE CLUB, INC; PAMELA J. OLANO, individually; and GUY W. OLANO, Jr., individually. | SECTION: |
| Defendants. | |

## COMPLAINT

Plaintiff, Nicholas S. KARNO #1, Inc. ("NSK") submits this Complaint against Defendants, Silver Bourbon, Inc., Labeauti, Inc., Bourbon Burlesque Club, Inc., Pamel J. Olano ("Ms. Olano"), and Guy W. Olano, Jr. ("Mr. Olano"), individually, (collectively "Defendants") and alleges as follows:

## NATURE OF ACTION

For more than twenty-two (22) years, locals and tourists strolling through the French Quarter in New Orleans have seen many people enjoying NSK's world-famous HUGE ASS BEERS, BIG ASS BEERS and HALF ASS BEERS (collectively "NSK's HUGE ASS BEERS Family of Marks"). In fact, one of the first things locals and tourists see when they step on Bourbon Street are NSK's signs like those shown below:



Those who follow the signs can buy a large or small beer from NSK sold in containers using its Huge Ass Beers Family of Marks. Some examples of NSK's containers are shown below:



Because of the success of NSK's HUGE ASS BEERS Family of Marks, marks from NSK's HUGE ASS BEERS Family of Marks have been copied and exploited by competitors; some also operating in the French Quarter. This lawsuit arises out of the most recent effort by direct competitors to trade off the goodwill obtained by NSK from over two (2) decades of its promoting, marketing, advertising, offering for sale, and selling beer using NSK's HUGE ASS BEERS Family of Marks.

Upon information and belief, on or before February 23, 2019, Defendants, at the direction

and authority of Mr. Olano and Ms. Olano, began using the mark GIANT ASS BEER in connection with the sale of beer. An image of Defendants use of the mark is shown below:



Defendants' egregious and blatant act of using a mark confusingly similar to NSK's HUGE ASS BEERS Family of Marks is intended to trade off of the goodwill obtained by NSK over two (2) decades of use. Therefore, NSK is forced to file this lawsuit in order to stop Defendants' infringement of NSK's exclusive trademark rights in its HUGE ASS BEERS Family of Marks.

## THE PARTIES

1. Plaintiff, Nicholas S. Karno #1, Inc., is a Louisiana corporation, with a principal office at 700 Bourbon Street, New Orleans, Louisiana 70116.

2. Upon information and belief, Silver Bourbon, Inc. ("SBI") is a Louisiana corporation doing business as "Beerfest" located at 410 Bourbon Street, New Orleans.

3. Upon information and belief, Labeauti, Inc. ("LAB") is a Louisiana corporation doing business as "Voodoo Vibes and "Sing Sing" 420 Bourbon Street and 418 Bourbon Street

New Orleans, respectively.

4. Upon information and belief, Bourbon Burlesque Club, Inc. ("BBI") is a Louisiana corporation doing business as "Stiletto's" located at 325 Bourbon Street, New Orleans.

5. Defendant, Pamela J. Olano ("Ms. Olano"), based on information and belief, resides in the New Orleans metropolitan area. Upon information and belief, Ms. Olano, along with Guy W. Olano, Jr., since their founding has continuously operated and controlled SBI, LAB, and BBI

6. Defendant, Guy W. Olano, Jr. ("Mr. Olano"), based on information and belief, resides in the New Orleans metropolitan area. Upon information and belief, Mr. Olano, along with Ms. Olano, since their founding, has continuously operated and controlled SBI, LAB, and BBI.

## JURISDICTION

7. This Court has jurisdiction over this action, under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 [actions arising under the Federal Trademark Act]; 28 U.S.C. §§ 1338(a) and (b) [acts of Congress relating to trademarks, and unfair competition claims joined therewith]; and, 28 U.S.C. § 1367(a) [supplemental jurisdiction over related actions arising under state law].

8. Upon information and belief, Defendants are domiciled within this jurisdiction.

9. Upon information and belief, Defendants regularly conduct business in this jurisdiction.

10. All claims alleged in this complaint were committed by the Defendants within this jurisdiction.

## VENUE

11. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

## STATEMENT OF FACTS

### PLAINTIFF AND THE RIGHTS AT ISSUE

12. NSK and its affiliates are engaged, and have long been engaged, in the provision of bar, nightclub, and restaurant services in the New Orleans French Quarter doing business as *Steak Pit*, *Cornet*, and *Prohibition* (collectively "NSK Licensed Establishments").

13. NSK claims trademark rights in HUGE ASS BEERS, BIG ASS BEERS, and HALF ASS BEERS, NSK's HUGE ASS BEERS Family of Marks.

14. In December 1996, NSK began selling beers in the NSK Establishments under the trademark HUGE ASS BEERS. Throughout the United States, the NSK Establishments are known for their HUGE ASS BEERS. Beers sold under the trademark HUGE ASS BEERS are the most popular beers sold in the New Orleans French Quarter; thousands of beers are served at NSK's Establishments each year. The beers sold using NSK's HUGE ASS BEERS Family of Marks have been featured, unsolicited, in a variety of social media outlets such as Yelp, Foursquare, NewOrleansOnline.com, Untapped.com, You Tube, and others.

15. NSK owns a trademark registration for HUGE ASS BEERS in International Class 032 for use with beer, registered at the U.S. Patent and Trademark Office ("USPTO") under Registration No. 4560266. This registration is valid and subsisting, and remains in full force and effect. Copies of this registration and current status printouts of the United States Patent and Trademark Office Trademark Electronic Search System ("TESS") for each registration are attached hereto as *Exhibit A*.

16. Since at least as early as November 22, 2013, the NSK Establishments have also been selling beers under the trademark HALF ASS BEERS. Thousands of HALF ASS BEERS

have been sold each year in the French Quarter since 2013.

17. NSK owns a trademark registration for HALF ASS BEERS in International Class 032 for use with beer, registered at the U.S. Patent and Trademark Office ("USPTO") under Registration No. 4560403. This registration is valid and subsisting, and remains in full force and effect. Copies of this registrations and current status printouts of the TESS for each registration are attached hereto as *Exhibit B*.

18. Since at least as early as November 22, 2013, the NSK Establishments have also been selling beers under the trademark BIG ASS BEERS. Thousands of BIG ASS BEERS have been sold each year in the French Quarter since 2013.

19. The reputations of NSK's HUGE ASS BEERS Family of Marks have grown continuously over the past 22 years and since long prior to the acts complained of herein, consumers have recognized NSK's HUGE ASS BEERS Family of Marks as originating exclusively from NSK's Establishments. NSK's HUGE ASS BEERS Family of Marks are inherently distinctive, have acquired secondary meaning, and upon information and belief, are world-famous.

20. NSK undertakes significant efforts, and expends considerable sums each year, to ensure that beers using NSK's HUGE ASS BEERS Family of Marks are not served, and cannot be purchased, at any commercial establishment that is not controlled by NSK's directors. Thus, consumers wishing to enjoy HUGE ASS BEERS, BIG ASS BEERS, and HALF ASS BEERS may do so only at NSK's Licensed Establishments: a) *Cornet* located at 700-706 Bourbon Street, b) *Steak Pit* located at 609 Bourbon Street, or *Prohibition* located at 333 Bourbon Street.

21. The State of Louisiana has been, and remains, the most important market for NSK's goods and services. Thousands of beers sold in authentic cups from NSK and its licensees using

NSK's HUGE ASS BEERS Family of Marks are sold in New Orleans' French Quarter each week.

22. At no time has NSK licensed or otherwise authorized Defendants to use any of NSK's HUGE ASS BEERS Family of Marks.

### DEFENDANTS' UNLAWFUL CONDUCT

23. Upon information and belief, Mr. Olano and Ms. Olano own, control and operate SBI doing business as "Beerfest" located at 410 Bourbon Street.

24. Upon information and belief, Mr. Olano and Ms. Olano own, control and operate LAB doing business as "Voodoo Vibes" and "Sing Sing" located at 420 Bourbon Street and 418 Bourbon Street, New Orleans, respectively.

25. Upon information and belief, Mr. Olano and Ms. Olano own, control and operate BBI doing business as "Stiletto's" 325 Bourbon Street, New Orleans.

26. The Defendants' businesses operating at 410 Bourbon Street, 420 Bourbon Street, 418 Bourbon Street, and 325 Bourbon Street shall collectively be referred to as "Defendants' Establishments".



27. Upon information and belief, on Saturday February 23, 2019, Defendants' Establishments introduced and began selling beer served in plastic bottles affixed with labels using the mark GIANT ASS BEER ("Infringing Mark"). A picture of the infringing mark as used on the plastic bottles is shown to the right.

28. Defendants' Infringing Mark is substantially similar to NSK's HUGE ASS BEERS Family of Marks. Instead of using "Huge", "Big" or "Half", Defendants' mark uses "Giant". "Giant" is synonymous with both "Huge" and "Big."

29. Defendants' are using the Infringing Mark to sell beer, exactly the same use as the

NSK's HUGE ASS BEERS Family of Marks.

30. Defendants' are selling beer using the Infringing Mark at locations in the French Quarter, the exact same channels of trade and consumers as NSK.

31. Consumers of beer, particularly in New Orleans' French Quarter, are likely to be confused as to the source of the beer served in the Defendants' Establishments. Consumers are likely to believe that Defendants' use of its Infringing Mark in connection with beer is associated with, authorized by, or endorsed by NSK.

32. NSK's HUGE ASS BEERS Family of Marks have acquired distinctiveness, and secondary meaning, as a designation for NSK's Establishments beers, as a result of NSK's longstanding, continuous use of its HUGE ASS BEERS Family of Marks in interstate commerce; NSK's considerable advertising and promotional activities; unsolicited publicity, resulting from NSK's continual use of its HUGE ASS BEERS Family of Marks with beer; and, NSK's Establishments reputation as a "first stop" for tourists and local residents visiting the French Quarter.

33. Defendants' adoption and use of their Infringing Mark which is confusingly similar to NSK's HUGE ASS BEERS Family of Marks in the manner above-described, constitutes federal trademark infringement, federal unfair competition, and federal false designation of origin, and gives rise to NSK's related state law claims against Defendants for trademark infringement, trademark dilution, and unfair trade practices.

34. Upon information and belief, Defendants have conducted business in the French Quarter for many years.

35. NSK and Defendants have had a longstanding business relationship that has recently gone sour.

36. Defendants have been familiar with NSK and NSK's HUGE ASS BEERS Family of Marks for several years.

37. Defendants have sued affiliate companies of NSK and one of its directors, Billie V. Karno, for unfair competition related to property on Bourbon Street leased to Defendants by NSK's affiliates. The lawsuit was filed in the Civil District Court for the Parish of Orleans: Pamela J. Olano, Silver Bourbon, Inc., Labeati, Inc., Bourbon Burlesque Club, Inc., Raymond Palazzolo, and Guy W. Olano, Jr. v. Billie V. Karno, Karno 410 Bourbon Real Estate, LLC, Karno 327 Bourbon Real Estate, LLC, and BVK Enterprises, Inc.; Case No. 2018-5225.

38. Upon information and belief, Defendants' use of the Infringing Mark was made in retaliation to Defendants and NSK's soured business relationship.

39. Upon information and belief, Mr. Olano is a founder of all other Defendants as a "silent partner" and owner. Upon information and belief, Mr. Olano, since founding all the other Defendants, has been continuously responsible for overseeing the operations and marketing of Defendants' goods and services, including the Defendants' promotion and sale of beer using the Infringing Mark. Upon information and belief, Mr. Olano was personally involved in the decision to offer for sale beer using the Infringing Mark. Upon information and belief, Mr. Olano approved and authorized Defendants' infringing actions and is a principal, driving force behind Defendants' past and continued infringement of NSK's HUGE ASS BEERS Family of Marks.

40. Defendants' activities, as complained of herein, were and continue to be conducted willfully, in order to trade on the substantial goodwill obtained by NSK over two (2) decades, with actual knowledge that such conduct was and remains unlawful; that such conduct was and remains in contravention of NSK's rights; and that such conduct would likely confuse, mislead, and deceive an appreciable number of relevant consumers as to the source, affiliation, and

sponsorship of the goods and services emanating from Defendants and/or NSK, resulting in injury to NSK's reputation and considerable goodwill.

41.     Defendants' conduct has caused, and, if allowed to continue, will continue to cause, irreparable damage to NSK's business, reputation, and goodwill, and NSK has no adequate remedy at law.

## COUNT I

## FEDERAL TRADE DRESS INFRINGEMENT UNDER 32(1) OF THE LANHAM ACT, 15 U.S.C. § 1114(1)

**(Against All Defendants)**

42.     NSK repeats and re-alleges the allegations of paragraphs 1 through 41, as though fully set forth below.

43.     This Count, arising under Section 32(1) of The Lanham Act, 15 U.S.C. § 1114(1), is for federal trademark infringement.

44.     NSK and its licensees have used the trademark HUGE ASS BEERS embodied in NSK's U.S. Trademark Registration No. 4,560,266 continuously, and in interstate commerce, since at least as early as December 1, 1996. NSK's trademark HUGE ASS BEERS embodied in U.S. Trademark Registration No. 4,560,266 is a valid trademark identifying the source of goods, beer, provided by NSK. NSK is the senior user of the HUGE ASS BEERS trademark.

45.     NSK and its licensees have used the trademark HALF ASS BEERS embodied in NSK's U.S. Trademark Registration No. 4,560,403 continuously, and in interstate commerce, since at least as early as November 22, 2013. NSK's trademark HALF ASS BEERS embodied in U.S. Trademark Registration No. 4,560,403 is a valid trademark identifying the source of goods, beer, provided by NSK. NSK is the senior user of the HALF ASS BEERS trademark.

46.     NSK and its licensees have used the trademark BIG ASS BEERS continuously,

and in interstate commerce, since at least as early as November 22, 2013. NSK's trademark BIG ASS BEERS is a valid trademark identifying the source of goods, beer, provided by NSK. NSK is the senior user of the BIG ASS BEERS trademark.

47. NSK, and its licensees, have also invested substantial time, effort, and financial resources in the promotion of NSK's HUGE ASS BEERS, BIG ASS BEERS and HALF ASS BEERS trademarks, in connection with the marketing, promotion, advertising, and sale of beer.

48. NSK's trademarks HUGE ASS BEERS, BIG ASS BEERS, and HALF ASS BEERS have also acquired secondary meaning in the marketplace, and are distinctive in the minds of purchasers of NSK's beer, in that consumers have come to associate the trademarks with a single source of origin – namely, NSK, and its NSK-branded establishments. Such consumers are likely to make that same association when the trade dress is used with a competitor's product.

49. Defendants have and continue to have actual notice of the existence NSK's exclusive trademark rights in HUGE ASS BEERS, HALF ASS BEERS, and BIG ASS BEERS.

50. Defendants' Infringing Mark, GIANT ASS BEER is confusingly similar to all of NSK's HUGE ASS BEERS Family of Marks and NSK did not authorize or license Defendants' use of the Infringing Mark or NSK's HUGE ASS BEERS Family of Marks.

51. Defendants have created, marketed, advertised, offered for sale, and sold beer using the confusingly similar Infringing Mark with the intention of misleading, deceiving, and/or confusing consumers as to the origin of Defendants' goods, and, with the intention of trading on NSK's reputation and considerable goodwill.

52. Defendants' marketing, promotion, offering for sale, and sale, of beer, under the confusingly similar Infringing Mark is likely to cause, and has caused, confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' goods by NSK. The

consuming public are likely to believe that Defendants' goods originate with NSK, are licensed, sponsored, or approved by NSK, or in some way connected with or related to NSK. Defendants' infringing use of the Infringing Mark is in violation of 15 U.S.C. § 1114(1).

53. Defendants' unauthorized and infringing use of the Infringing Mark constitutes intentional and willful infringement of NSK's rights in and to its federally registered HUGE ASS BEERS and HALF ASS BEERS trademarks in violation of 15 U.S.C. § 1114(1).

54. Upon information and belief, Mr. Olano, along with Ms. Olano, since founding all the other Defendants, has been continuously responsible for overseeing the operations and marketing of Defendants' goods and services, including the Defendants' promotion and sale of beer using the Infringing Mark. Upon information and belief, Mr. Olano, along with Ms. Olano, was personally involved in the decision to offer for sale beer using the Infringing Mark. Upon information and belief, Mr. Olano approved and authorized Defendants' infringing actions and is a principal, driving force behind Defendants' past and continued infringement of NSK's HUGE ASS BEERS Family of Marks.

55. Upon information and belief, Ms. Olano, along with Mr. Olano, since founding all the other Defendants, has been continuously responsible for overseeing the operations and marketing of Defendants' goods and services, including the Defendants' promotion and sale of beer using the Infringing Mark. Upon information and belief, Ms. Olano, along with Mr. Olano, was personally involved in the decision to offer for sale beer using the Infringing Mark. Upon information and belief, Ms. Olano approved and authorized Defendants' infringing actions and is a principal, driving force behind Defendants' past and continued infringement of NSK's HUGE ASS BEERS Family of Marks.

56. As a direct and proximate result of Defendants' trademark infringement, NSK has

suffered, and will continue to suffer loss of income, profits, reputation and goodwill, and Defendants' have acquired, and will continue to unfairly acquire, income, profits, and goodwill to which they are not entitled.

57. Defendants' acts of trademark infringement will cause further, serious and irreparable injury to NSK if Defendants are not restrained from further violations of NSK's rights.

58. Pursuant to 15 U.S.C. § 1116(a), NSK is entitled to an order, preliminarily and permanently enjoining Defendants from further acts of trademark infringement.

59. Pursuant to 15 U.S.C. § 1117(a), NSK is entitled to recover from Defendants the damages sustained as a result of Defendants' aforesaid acts. NSK is unable to ascertain, at present, the full extent of the monetary damages it has suffered thereby.

60. Defendants' aforesaid conduct was intentional and willful. Accordingly, NSK is entitled to an award of treble damages against Defendants under 15 U.S.C. § 1117(a).

61. Defendants' aforesaid acts make this an exceptional case, under 15 U.S.C. § 1117(a)(3), warranting an award of NSK's attorneys' fees and costs.

## COUNT II

## FEDERAL UNFAIR COMPETITION

### (Against All Defendant)

62. NSK repeats and re-alleges the allegations of paragraphs 1 through 61, as though fully set forth below.

63. This Count, arising under Section 43(a) of The Lanham Act, 15 U.S.C. §1125(a), is for federal unfair competition.

64. NSK's HUGE ASS BEERS Family of Marks have become uniquely associated with NSK, and identify NSK's flagship goods to the public.

65. Defendants' unauthorized use, and threatened continued use, of the GIANT ASS BEER mark which is confusingly similar to NSK's HUGE ASS BEERS Family of Marks, in connection with a competing beer, as alleged herein, constitutes use of a false designation of origin and false or misleading representation in interstate commerce, which wrongly and falsely designates, describes, and represents the origin of Defendants' goods as originating from or being connected with NSK, and is likely to cause confusions, or to cause mistake, or deceive as to Defendants' affiliation, connection, or association with NSK, or as to the origin, sponsorship, or approval of Defendants' goods by NSK in violation of Section 43(a) of The Lanham Act, 15 U.S.C. § 1125(a).

66. Upon information and belief, Mr. Olano, along with Ms. Olano, since founding all the other Defendants, has been continuously responsible for overseeing the operations and marketing of Defendants' goods and services, including the Defendants' promotion and sale of beer using the Infringing Mark. Upon information and belief, Mr. Olano, along with Ms. Olano, was personally involved in the decision to offer for sale beer using the Infringing Mark. Upon information and belief, Mr. Olano approved and authorized Defendants' infringing actions and is a principal, driving force behind Defendants' past and continued infringement of NSK's HUGE ASS BEERS Family of Marks.

67. Upon information and belief, Ms. Olano, along with Mr. Olano, since founding all the other Defendants, has been continuously responsible for overseeing the operations and marketing of Defendants' goods and services, including the Defendants' promotion and sale of beer using the Infringing Mark. Upon information and belief, Ms. Olano, along with Mr. Olano, was personally involved in the decision to offer for sale beer using the Infringing Mark. Upon information and belief, Ms. Olano approved and authorized Defendants' infringing actions and is a principal, driving force behind Defendants' past and continued infringement of NSK's HUGE

ASS BEERS Family of Marks.

68. These acts, unless restricted by the Court will continue to cause, serious and irreparable injury to NSK, for which NSK has no adequate remedy of law.

69. As a direct and proximate result of Defendants' false designations of origin and false and misleading representations, NSK has been damaged, and unless Defendants' is restrained by this Court, NSK will continue to suffer serious, irreparable injury.

70. Pursuant to 15 U.S.C. § 1117(a), NSK is entitled to recover from Defendants the damages sustained as a result of their aforesaid acts. NSK is unable to ascertain, at present, the full extent of the monetary damages it has suffered thereby.

71. Defendants' aforesaid conduct was intentional, and without foundation in law. Accordingly, NSK is entitled to an award of treble damages against Defendants', under 15 U.S.C. § 1117(a).

72. Pursuant to 15 U.S.C. § 1116(a), NSK is entitled to an order, preliminarily and permanently enjoining Defendants from further acts of unfair competition, false designations of origin, and false and misleading representations.

73. Defendants' aforesaid acts make this an exceptional case, warranting attorney fees and costs, under 15 U.S.C. § 1117(a).

## COUNT III

### INJURY TO BUSINESS REPUTATION, AND TRADEMARK DILUTION UNDER THE LOUISIANA ANTIDILUTION STATUTE

**(Against All Defendant)**

74. NSK repeats and re-alleges the allegations of paragraphs 1 through 73, as though fully set forth below.

75. This Count, arising under La. Rev. Stat. § 51:223.1, is for injury to business

reputation, and trademark dilution.

76. Defendants' use, and continued use, of the confusingly similar and Infringing Mark, under the circumstances described above is likely to injure, NSK's business reputation, and has diluted, or will dilute, the distinctive character of NSK's HUGE ASS BEERS Family of Marks, through blurring and/or tarnishment, in violation of La. Rev. Stat. § 51:223.1, and to NSK's irreparable harm, notwithstanding the presence or absence of confusion as to the source of Defendants' goods or services.

77. Unless enjoined, Defendants' aforesaid conduct will cause NSK further irreparable harm, and NSK is entitled to damages and injunctive relief pursuant to La. Rev. Stat. § 51:223.1.

## COUNT IV

## UNFAIR TRADE PRACTICES

### (Against All Defendant)

78. NSK repeats and re-alleges the allegations of paragraphs 1 through 77, as though fully set forth below.

79. This Count, arising under La. Rev. Stat. § 51:1401 *et seq*., is for unfair methods of competition and unfair and deceptive acts or practices.

80. Defendants' aforesaid activities comprise unfair methods of competition, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of La. Rev. Stat. § 51:1405, and to NSK's irreparable harm.

81. Pursuant to La. Rev. Stat. § 51:1409, NSK is entitled to recover from Defendants all actual damages sustained by NSK as a result of Defendants' aforesaid acts. NSK is unable to ascertain, at present, the full extent of the monetary damages it has suffered thereby.

Unless enjoined, Defendants' unfair methods of competition, and unfair and deceptive acts

and practices will cause NSK further irreparable harm, and NSK is entitled to injunctive relief, pursuant to, *inter alia*, La. Rev. Stat. §§ 51:1407 and 51:1408.

**PRAYER FOR RELIEF**

WHEREFORE, NSK prays for and seeks relief as follows:

A.  That the Court enter a temporary restraining order, a preliminary injunction, and grant permanent injunctive relief, against Defendants, their agents, representatives, officers, employees, and all those acting in concert therewith, to restrain and enjoin Defendants' use of the Infringing Mark, and any and all other marks and designations which infringe NSK's rights in and to NSK's HUGE ASS BEERS Family of Marks, or which are confusingly similar thereto, and to restrain and enjoin Defendants' acts of unfair competition, false designation of origin, and false and misleading representations with respect thereto;

B.  That, pursuant to 15 U.S.C. § 1117(a), the Court order Defendants' to pay the actual damages suffered by NSK, and any and all profits resulting from Defendants' infringement of NSK's HUGE ASS BEERS Family of Marks, and from Defendants' acts of unfair competition, false designation of origin, and false and misleading representation with respect thereto;

C.  That, pursuant to 15 U.S.C. § 1117(a), the Court order Defendants to pay treble damages to NSK; and,

D.  That, pursuant to 15 U.S.C. § 1117(a), the Court order Defendants to pay to NSK the full costs of this action, including attorney fees.

E.  That, pursuant to La. Rev. Stat. § 51:223.1, the Court enter a temporary restraining order, a preliminary injunction, and grant permanent injunctive relief against Defendants, its agents, representatives, officers, employees, and all those acting in concert therewith, to restrain and

enjoin Defendants from any and all acts which may injure NSK's business reputation or dilute the distinctive character of NSK's HUGE ASS BEERS Family of Marks.

F. That, pursuant to La. Rev. Stat. §§ 51:1407 and/or 51:1408, the Court enter a temporary restraining order, a preliminary injunction, and grant permanent injunctive relief against Defendants, its agents, representatives, officers, employees, and all those acting in concert therewith, to restrain and enjoin Defendants from further unfair methods of competition, and unfair and deceptive acts or practices with respect to NSK;

G. That, pursuant to La. Rev. Stat. § 51:1409, the Court order Defendants to pay the actual damages suffered by NSK as a result of Defendants' unfair methods of competition, and unfair and deceptive acts and practices; and,

H. That, pursuant to La. Rev. Stat. § 51:1409, the Court order Defendants to pay to NSK, its reasonable attorney's fees and the costs of this action, and,

I. That the Court provide NSK with such other and further relief as the Court deems just and equitable.

Dated: February 26, 2019

          RESPECTFULLY SUBMITTED,

/s/ Kent Barnett
Gregory D. Latham (25955)
Kent C. Barnett T.A. (33002)
INTELLECTUAL PROPERTY CONSULTING, LLC
334 Carondelet Street, Suite B
New Orleans, Louisiana 70130
Phone: (504) 322.7166
Fax: (504) 322.7184
glatham@iplawconsulting.com
kbarnett@iplawconsulting.com

*ATTORNEYS FOR NICHOLAS S. NSK #1, INC.*

Case 2:19-cv-01745-JTM-JCW   Document 1   Filed 02/26/19   Page 19 of 19